PHILO JOHNSON vs. WILLIAM ARNOLD, JR.

In an action to recover damages for the breach of a special contract, by which, upon certain terms and conditions therein mentioned, the defendant agreed to furnish and keep the plaintiff supplied with a stock of goods for carrying on business in the defendant's store, and the plaintiff undertook to carry on the same, for one half the profits, for the term of two years ; it was held, that, in estimating the damages, it was competent for the arbitrators, to whom the action was referred, to allow the plaintiff compensation for the loss of his time, and for the expenses of removing his family to and ·from the place where the business was to be carried on.

THE plaintiff, who was of Westfield, in this state, brought his action against the defendant, described as of Dayton, in the state of Ohio, to recover damages for the breach of an agreement, dated March 31st, 1845, of which the following ·is an abstract : —

The defendant agreed to furnish and keep the plaintiff supplied with a stock of goods, to the amount of four thousand dollars or more, for the purpose of carrying on business in the defendant's store in Hagerstown, in the state of Indiana ; and the plaintiff agreed to go immediately to that place, and there take charge of the store and business. ˙The plaintiff, on his part, agreed to render an account of all money received and paid out by him, upon reasonable request therefor ; to furnish his time and services free of charge in carrying on the business ; and to receive for his compensation one half of the profits. The defendant, on his part, agreed to furnish the entire stock for carrying on the business, together with the store and other buildings, without any charge of rent or interest ; and to give the plaintiff one half of the profits, after payment of all expenses, exclusive of rent and interest. The services of the plaintiff were to be considered as compensated by the interest and rent. Other expenses were to be borne mutually by the parties. The agreement was to continue for the term of two years, and as much longer as the parties might agree. Provision was also made relative to the closing up of the business, at the end of the term or other termination thereof.

This action, together with an account filed in set-off by the defendant, and all other demands between the parties, in favor of the defendant, (the plaintiff having no other demands against the defendant than those embraced in the subject matter of the suit,) properly cognizable by any court in any form of proceeding, were referred by a rule of court to certain arbitrators therein mentioned.

The arbitrators made and returned their award in favor of the plaintiff, for three hundred and sixty-six dollars and eighty-seven cents, damages, and costs to be taxed by the court. The report of the arbitrators was accompanied by the following statement, which they directed should be considered as part of the award : —

" The plaintiff claimed damages under a contract entered into by the parties, and which we refer to as part of the case. The referees were of opinion that there had been a breach of the contract on the part of the defendant. On the hearing, the counsel for the defendant contended, that if the plaintiff could recover at all, the damages could be only for the loss of profits he would probably have received, if the business had been continued for the time mentioned in the contract. The referees did not adopt this rule, but they allowed the plaintiff compensation for the loss of his time, and for the expenses of removing his family from Westfield to Hagerstown, and from Hagerstown to Westfield. If they were mistaken in the rule they adopted for assessing the damages in the case, they wish the error to be corrected by the court."

The defendant moved that the award be recommitted for error in law appearing in the above certificate.

*N. T. Leonard,* for the defendant, cited the cases of *Dyer* v. *Rich,* 1 Met. 180, and *Costigan* v. *The Mohawk & Hudson Railroad Co.* 2 Denio, 609.

*W. G. Bates,* for the plaintiff, referred to the case of *Masterton* v. *The Mayor, &c. of Brooklyn,* 7 Hill, 61.

THE COURT overruled the motion to recommit the award, and ordered the same to be accepted, and judgment to be entered accordingly for the plaintiff.